———o———

5564.

(Court of Appeal, Parish of Orleans.)

## MISS NICOLLETTA SHELLY vs. LOUIS MIRAMON.

A judgment which expressly reserves the right of an intervenor, cannot be set up as an estoppel against the right to urge his claims thereafter.

Appeal from the Civil District Court, Division "D."

W. J. & P. F. Hennessey, for plaintiff and appellee.

G. A. Llambias, Dinkelspiel, Hart & Davey, Attorneys.

Carroll, Henderson & Carroll, for defendant and appellant.

ST. PAUL, J.—Plaintiff, Miss Nicolletta Shelly, was the holder of a note for the sum of $850.00; dated April 15th, 1908, signed by J. Vic Leclerc, and purporting to be secured by mortgage and vendor's lien per act passed

before R. J. Maloney, notary public, of even date with the note. She issued executory process herein and seized thereunder certain property which Louis Miramon, the defendant, had conveyed to said J. Vic. Leclerc by act before said R. J. Maloney, notary public, on April 16th, 1908 (one day later than the date of the note on which the executory process issued); in part payment of which said J. Vic. Leclerc had issued his one certain promissory note for $850.00 of even date with his acquisition and secured by vendor's lien on the property thus conveyed to him.

Miss Ellen Taylor intervened as holder of a note, the duplicate in all respects of that held by plaintiff, and joined in the prayer for executory process, praying to be paid in full, but in the event the property should not bring sufficient to pay both notes, that the proceeds be equally divided between herself and plaintiff.

The property was duly seized, advertised, and adjudicated to Jules S. Dreyfous for the sum of $1105. Dreyfous declined to accept title, and upon a rule taken to compel him to do so, he set up as a defense the variance between the date of the note on which the executory process issued and the act of sale and vendor's lien by which it was said to be secured. He further set up that the vendor's lien of April 16th, 1908 had been released by act before said Maloney, notary, on May 29th, 1908, in which one Geo. E. Duclaux appeared as the holder of the note of April 16th, 1908, secured by the aforesaid sale and vendor's lien of April 16th, 1908, and had requested and authorized said cancellation. And he further set up that on the same day on which said cancellation had been authorized, to-wit, on May 29th, 1908, said J. Vic. Leclerc had retransferred to the said Louis Miramon, by act before the same R. J. Maloney, notary,

the same property herein adjudicated to him (Dreyfous) in part payment whereof said Miramon had issued his promissory note for $1000.00 of even date with said retransfer and secured by vendor's lien upon the property; wherefore he feared that the defendant Miramon as well as the holder of said last mentioned vendor's lien note (one Gustave Mathis) might have rights in the premises adverse and prejudicial to those of himself as adjudicatee.

The trial Court dismissed the rule to compel Dreyfous to accept title, and plaintiff appealed. At the same time Miramon, the defendant, appealed from the order for executory process, and Mathis became the surety on his appeal bond.

In this Court Miramon's appeal was dismissed, because it was shown that he had acquiesced in the sale (see **7 Court of Appeal, p. 507**); and Dreyfous was ordered to accept the title because of the finality of the decree of seizure and sale, resulting from the dismissal of Miramon's appeal; and because Mathis by signing the appeal bond was bound by the result. (See **7 Court of Appeal, p. 503.**)

In the course of the last mentioned opinion we said, p. 506:

"We are therefore of opinion that Mathis who stood by and permitted the sale to take place without protest from him, can no longer challenge the validity thereof, but must be relegated to the proceeds of sale. His claim, if any he has, must be urged against these and not against the property. As we have said, Mathis voluntarily became a party to Miramon's appeal, and as that appeal has been consolidated with the present appeal, he is also a party hereto. But the merits of his claim to priority

over plaintiff on the proceeds of sale are not before us, and we have no right, nor is the condition of the record at this time such as to permit us to pass thereon. Hence that question remains open for the widest inquiry, all that we now hold being that Mathis must urge his claim against the proceeds of sale and cannot urge them against the property."

Our decree was acquiesced in by all parties, no application for a rehearing having been made. It was not only legally correct and equitable, but was eminently advantageous to all parties, in as much as it enabled the sale to be perfected without further delay or cost to the parties in interest, whoever they might be, and left them free to litigate over the proceeds.

Thereafter Mathis intervened in the Court below, and setting up the matters aforesaid, prayed that the sale be cancelled, and in the alternative, that the proceeds be paid to him on account of the note held by him, and in preference to plaintiff or the other intervenor.

Of course the question of setting aside the sale is **res judicata** nor is it insisted upon here. On the other hand plaintiff and the other intervenor urge that Mathis is judicially estopped by that decree from now claiming any priority over them upon the proceeds of sale. But that very judgment, as partially quoted above, expressly reserves to him that right. The question, we said, remains open for the widest inquiry, all that we now hold being that Mathis must urge his claim against the proceeds of sale and cannot urge them against the property.

The only question before us therefore is, to whom shall the proceeds of the sale be paid.

Our reading of the record satisfies us that the note held by Mathis, dated May 29th, 1908 for $1000.00, is a valid obligation of the defendant Miramon, secured by

mortgage and vendor's lien upon the property herein seized and sold; and was acquired by him, in good faith and for a full consideration. And if in point of fact, the mortgage and lien of April 16th, 1908, was validly cancelled, it then represents the only mortgage and lien upon the property sold herein, and entitles the holder to the net proceeds of sale in preference to all others.

And the question whether or not the mortgage and lien of April 16th, 1908, was validly erased, depends upon whether or not the evidence in this record justifies our finding that. the note held by plaintiff, Miss Shelly, or that held by the intervenor, Miss Taylor, is the identical note secured by the mortgage and vendor's lien of April 16th, 1908.

But there is no evidence in this record even remotely identifying either of these notes with that mortgage act, unless we accept as evidence the very weak presumption. resulting from the near approximation between the dates of these notes and that of the mortgage, and the apparent absence of any mortgage by Leclerc of even date with the notes.

But this is not sufficient. The fact that there are two notes of April 15th, outstanding, where there should have been but one, and that Maloney cancelled the mortgage upon the alleged production of still another note, similar in all respects except as to difference of one day in the date, destroys any presumption based upon the theory of an honest mistake in date.

Nor was any other evidence whatever adduced tending to show a mere mistake in dates. Miss Shelly, the plaintiff, and Miss Taylor, the intervenor, did not testify and presumably know nothing more about the notes held by them, than that they acquired them from Maloney.

Leclerc, who signed the notes, does not undertake to

identify them with the mortgage of the following day. He knows nothing more than that the notes bear his signature, and that he signed notes whenever Maloney asked him to do so.

Miramon, whose property was involved, does not identify the notes. He knows only that he signed the sale, which calls for but one note, of even date therewith; and that when he reacquired the property from Leclerc and executed the note now held by Mathis, he was assured by Maloney that the first note had been cancelled.

One Wm. J. Moore, who acted as broker in the transaction between Miramon and Leclerc, and between Miramon and Mathis, does not identify the notes, but on the contrary testifies affirmatively that the note which was executed in accordance with the act of sale from Miramon to Leclerc, was dated the same as the sale itself (April 16th, 1908); was never negotiated; and was destroyed in his presence when the new note of May 29th, was made.

All this, taken together with the notarial act of release, to which (since it is still unimpeached) we must attach some weight even though of the slightest, leaves us no alternative but to recognize the note held by Mathis as the only mortgage resting on the property herein sold and as such entitled to the net proceeds of the sale.

It is therefore ordered, adjudged and decreed that the judgment herein appealed from be annulled, avoided and reversed, and it is now ordered that the Civil Sheriff be directed to pay over to Louis Mathis, intervenor herein, the net proceeds of the sale herein made by him, in preference to all others.

It is further ordered that all costs herein incurred up to the time of the intervention of Louis Mathis be recognized as costs incidental to the executory proceedings, to be paid out of the proceeds of the sale; and that the ap-

pellees, Miss Nicolletta Shelly and Miss Ellen Taylor, pay all costs incurred subsequently to said intervention, including the costs of appeal.

June 18th, 1912.

Rehearing refused, July 29th, 1912.